## BIRGE & HYNSON v. WM. A. WANHOP.

In an action for the hire of a negro, a plea of partial failure of consideration, by the death of the negro, without fault on the part of the defendant, before the end of the year for which he was hired, is a good defence.

The plea should state the precise time of the death of the negro, in order to ascertain the exact amount of the abatement claimed.

Error from Cass. Tried below before Hon. W. S. Todd. Suit for the hire of a slave. Plea, that before the expiration of the time for which he was hired, he was drowned, without the fault of the defendant. To this plea plaintiff demurred, and the demurrer was sustained.

*M. Farley*, for plaintiff in error. The Court below should have overruled the demurrer of defendant in error to the answer of plaintiff in error. An answer showing that the slave died by accident before the expiration of the term of hire, without the fault of the hirer, exhibits a good plea. The answer of plaintiff in error was a good one. (Townsend v. Hill, 18 Tex. R. 422.)

*S. F Moseley*, for defendant in error. I. This Court has declared that an answer that sets up no defence should be treated by the Court as a nullity. Brewer v. West, (1 Tex. R.;) and in Caldwell v. Haley, (3 Tex. R. 317,) it is declared: "That it is essential that in our system of pleadings to state the facts on which the party intends to rely as constituting his cause of action or ground of defence, with such circumstantial accuracy as to apprise the opposite party of what is intended to be proved at the trial." Test this answer of defendant by this rule, and see what facts it sets forth.

II.   There are only three facts stated in said answer, neither one of which, if true, are material to the defence. These facts are :   1st.   That the note sued upon was given for the hire of the slave Bob for and during the year 1856, which fact is admitted and so stated in the note sued upon. 2nd.   That slave died during the year, on the —— day of ——, 1856.   Now here is the death of the slave set forth, without giving the time, place or circumstances of the death, so as to inform the Court or the plaintiff how the slave come to his death.   Nor does the plea state in whose possession or employ the slave was when drowned ; because the truth would show that he was in possession of Nichols, to whom defendant had re-hired him, without consent of plaintiff, which was a conversion of the slave ; (Cumings v. Bell, Sneed's Tenn. R. 275 ;) or when he come to his death, which substantive facts being omitted leaves the plea or answer a blank and a nullity.   (Jackson v. Marshall, 6 Tex. R. 324.)

HEMPHILL, CH. J.   There was error in sustaining the plaintiffs' demurrer to the defendant's plea of partial failure of consideration from the death of the negro by accidental drowning, without fault on the part of defendant, before the end of the year for which he was hired.

The plea was a good defence.   (Townsend v. Hill, 18 Tex. R. 422.)   It was defective in not stating with some precision the time of the death, that the plaintiff might be apprized of the exact amount of the abatement claimed.   But this defect should have been reached by sepcial demurrer.   Besides it is obvious that this was not the ground of objection below, nor the ground upon which the Court ruled out the plea. The death of the slave before the expiration of the time of hiring was evidently regarded as no defence.   For the error in sustaining the demurrer, the judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.